IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NORIT AMERICAS, INC., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 2:11-CV-198-DF |
| HOUMA ARMATURE WORKS & SUPPLY, INC. and HOUMA ARMATURE WORKS HOUSTON, LLC, | § § § § § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Before the Court is Plaintiff Norit Americas, Inc.'s ("Norit") motion to remand.  (Dkt. No. 6.)  For the reasons stated in this Memorandum Opinion and Order, the Court GRANTS Norit's motion and REMANDS the above-styled case to the 71st Judicial District Court of Harrison County, Texas.

**II.   BACKGROUND**

This lawsuit arises from a damaged steam turbine and generator unit at Norit's facility in Marshall, Texas on or about August 7, 2009.  The facts leading to this incident began in 2008 when Norit decided to replace its existing turbine and generator unit.  According to Defendants, Norit approached Revak Companies ("Revak") to purchase a turbine and generator unit.  Revak, in turn, located a third-party turbine and contacted Houma Armature Works Houston, LLC ("Houma Houston"), a defendant in this case, regarding a generator.  Then Houma Houston

1

contacted its related company, Houma Armature Works & Supply, Inc. ("Houma"), who is also a defendant in this case and is based in Louisiana. Defendants claim that Houma handled the efforts to provide the generator after that point. Although Defendants have certainly downplayed the involvement of Houma Houston in the context of this motion, Defendants admit that Houma Houston was involved in the sales process and that the sales documents reflect that the generator was sold by Houma Houston to Revak. Defendants state, however, that this reflection in the sales documents was merely to protect the commission for the Houma Houston employee involved. In any event, it is undisputed that the steam turbine and generator unit that was provided to Norit failed on or about August 7, 2009.

Due to the failure of the unit, Norit filed this subject lawsuit against Houma Houston and Houma in the 71st Judicial District Court of Harrison County, Texas. Against both defendants, Norit asserted tort claims sounding in negligence and strict liability, and Norit also asserted contract claims based on breach of express warranty, breach of the implied warranty of merchantability, and breach of the implied warranty of fitness for a particular purpose.

Because this is a motion to remand, the residence of each party is important for jurisdictional considerations. The parties agree that Norit and Houma Houston are Texas residents for jurisdiction purposes and that Houma is not a Texas resident. Thus, if Plaintiff Norit and Defendants Houma Houston and Houma are all proper parties to this lawsuit, it is undisputed that this lawsuit could not have been properly brought in federal court under diversity jurisdiction because there is not complete diversity between the parties. It is Defendants' view, however, that Houma Houston is an improperly joined party and was merely joined in this lawsuit by Plaintiff Norit to defeat diversity jurisdiction. As a result, claiming improper joinder, Defendants removed

this case from the 71st Judicial District Court of Harrison County, Texas to this Court. After Defendants removed the case, Norit filed the motion to remand that is the subject of the Memorandum Opinion and Order.

### III. LEGAL STANDARD

The federal removal statute, 28 U.S.C. § 1441(a), allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Subsection (b) provides that federal question civil actions are removable without regard to the citizenship of the parties, but all other civil actions, such as those founded on diversity jurisdiction, are removable "only if none of the parties in interest *properly* joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added); *see also Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). At issue in this case is whether one defendant was "properly" joined.

The issue of "improper joinder rests on these statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" *Smallwood*, 385 F.3d at 573. There are "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* (internal quotes and cites omitted). Only the second way is before this Court, and "that test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*.

To determine whether a plaintiff has a reasonable basis of recovery under state law, a court

3

may resolve the issue in one of two ways. *Id.* One way is where the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* If a plaintiff can survive this type of challenge, then ordinarily there is no improper joinder. *Id.* There may be some cases, however, where a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. *Id.* In these type cases, the second way to resolve the improper joinder issue is for the court to pierce the pleadings and conduct a summary inquiry. *Id.* The Fifth Circuit has cautioned, however, "that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74. Types of inquiries such as these include, "[f]or example, the in-state doctor defendant did not treat the plaintiff patient, the in-state pharmacist defendant did not fill a prescription for the plaintiff patient, or any other fact that easily can be disproved if not true." *Id.* at 574 n.12.

With respect to the burden, "[t]he party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id.* at 574. "To determine the validity of an improper joinder claim, we 'must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff.'" *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citations omitted).

**IV. DISCUSSION**

The Court holds that Defendants have not met their burden of proving that the joinder of the in-state party in this case, Houma Houston, was improper. There is a reasonable basis to believe that Norit may be able to recover against Houma Houston for at least Norit's negligence

4

claim. Accordingly, as further described below, the Court GRANTS Norit's motion to remand.

With respect to Norit's negligence claim against Houma Houston, the parties' positions are clear. Defendants point out that under Texas law, if only the allegedly defective product is damaged as a result of the failure, there is no negligence recovery. *See Equistar Chem., L.P. v. Dresser-Rand Co.*, 240 S.W.3d 864, 867 (Tex. 2007) ("The economic loss rule applies when losses from an occurrence arise from failure of a product and the damage or loss is limited to the product itself."). Defendants state that Norit is only seeking recovery with respect to losses to the generator, so Norit cannot proceed under negligence. Norit replies that it can recover under negligence because it is not seeking only recovery of losses to the generator but also to the gear case and turbine to which the generator was connected. *See id.* ("The rule does not preclude tort recovery if a defective product causes physical harm to the ultimate user or consumer or other property of the user or consumer in addition to causing damage to the product itself."). According to Norit, these additional damages are worth approximately $130,000.00. In support of these assertions by Norit, Norit attached accounting spreadsheets and purchase orders. In Defendants' sur-reply, Defendants argue that it is not a supportable contention that a claimed malfunction of the generator caused the turbine and/or gearbox failure. Rather, Defendants state that "if there was any damage to the turbine and/or gearbox, it resulted from the overspeed of the turbine caused by plaintiff's negligence, which in turn damaged the generator." (Dkt. No. 10, at 1.)

It is clear that Defendants are not arguing that, on the face of the complaint, Norit has not stated a cause of action (i.e., using a Rule 12(b)(6)-type analysis as discussed above). Rather, Defendants are asking the Court to resolve the improper joinder issue by piercing the pleadings and conducting a summary inquiry, which, as discussed above, is the second method a court can

5

resolve an improper joinder issue.  As indicated above, to find in Defendants favor when conducting a summary inquiry, the Court must be able to identify the presence of discrete or undisputed facts that would preclude Norit's recovery against Houma Houston in this case.

In the context of the parties' dispute regarding the negligence claim, the dispositive issue for removal is whether Norit can show that more than merely the generator was damaged as a result of the generator's failure.   For the Court to determine this issue, it would have to probe deep into the merits of this case.  The Court would at least have to determine whether it was possible for the generator to have failed due to Defendants' negligence and whether it was possible for that failure to have also damaged the turbine and gear case.  These are highly disputed fact issues.  Further, in order to determine whether the generator failure could have also damaged the turbine and gear case, the Court would likely need to hear expert testimony on the issue.   Such an analysis would take this Court well beyond an analysis of removal jurisdiction and into a resolution of the merits, which is improper.  *See Smallwood*, 385 F.3d at 574 ("Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution on the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined.").  Defendants have not shown discrete or undisputed facts that would preclude Norit's recovery against Houma Houston under a negligence theory.  As a result, Defendants cannot prevail in their improper joinder claim.

Therefore, the Court holds that there is a reasonable basis to believe that Norit may be able to recover against Houma Houston for at least Norit's negligence claim.   Although there are other claims by Norit against Houma Houston, the Court need not address those.   Rather, one claim

6

with a reasonable basis is enough to defeat removal jurisdiction.

**V.    CONCLUSION**

For the foregoing reasons, Defendants have not met their burden of proving that the joinder of the in-state party in this case, Houma Houston, was improper. The Court GRANTS Norit's motion to remand and REMANDS the above-styled case to the 71st Judicial District Court of Harrison County, Texas.

It is so ORDERED.

**SIGNED this 14th day of November, 2011.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE